967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymundo GONZALEZ-ZAVALA, Defendant-Appellant.
 No. 91-50593.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided June 12, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymundo Gonzalez-Zavala ("Gonzalez") pled guilty to possession of a controlled substance in violation of 21 U.S.C. § 844(a). He appeals from the denial of his motion to suppress the marijuana discovered in his automobile following a stop by border patrol agents. We must decide whether the facts articulated by the agents were sufficient to provide founded suspicion. We reverse because we conclude that the totality of the circumstances describe a large category of presumably innocent persons.
 
 
 3
 The district court relied on the following facts to support its conclusion that founded suspicion justified the stop. The area in which Gonzalez was observed was only one-quarter mile north of the border and was frequently used by persons smuggling aliens. Gonzalez was driving a car with a large rear seat and trunk area. He was driving westbound at about 3:00 p.m., considered a peak time for smuggling activity in that area. The two occupants of the car sat in a rigid posture, in silence, looking straight ahead. The car bounced slightly as it drove over a dip in the highway. Gonzalez' car was weaving within his traffic lane as the agents' car followed him. Gonzalez slowed his automobile down from 65 to 45 miles per hour and maintained that speed as the agents' car followed approximately one to one and one-half car lengths behind for a distance of one and one-half miles.
 
 
 4
 Gonzalez contends that the totality of these circumstances do not demonstrate founded suspicion of ongoing criminal activity necessary to justify the investigative detention of his automobile. We review de novo a district court's conclusion that founded suspicion exists to justify an investigatory stop. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 
 5
 The Fourth Amendment prohibits an officer from stopping a vehicle without founded suspicion of criminal conduct at the time of the stop. United States v. Salinas, 940 F.2d 392, 394 (9th Cir.1991). In order to justify a stop, officers must be "aware of specific, articulable facts, together with rational inferences from them, [which] reasonably warrant a suspicion that the person to be detained has committed or is about to commit a crime." Salinas, 940 F.2d at 394. We must consider the totality of the circumstances to determine whether founded suspicion exists. United States v. Sokolow, 490 U.S. 1, 8 (1989); Salinas, 940 F.2d at 394. Although we must consider the experience of a trained officer, such experience "may not be used to give the officers unbridled discretion in making a stop." Hernandez, 891 F.2d at 1416. Where the circumstances "describe a very large category of presumably innocent travellers who would be subject to virtually random seizures," an investigatory stop is not justified. Reid v. Georgia, 448 U.S. 438, 441 (1980) (per curiam ).
 
 
 6
 The facts articulated by the agents do not establish the founded suspicion necessary to justify the investigative stop of Gonzalez' vehicle. The fact that Gonzalez drove an automobile with a large rear seat and trunk near the border at a peak time for smuggling activities fails to distinguish him from thousands of other Hispanics of modest means who lack the funds to purchase newer model, fuel-conserving compact cars, with scaled-down passenger and trunk capacities. See Salinas, 940 F.2d at 394-95 (driving a large car which is loaded down in the rear in an area near the border at a peak time for drug smuggling did not establish the founded suspicion necessary to justify an investigative stop).
 
 
 7
 The Government argues that United States v. Bugarin-Casas, 484 F.2d 853 (9th Cir.1973), cert. denied, 414 U.S. 1136 (1974), mandates that we affirm the district court's finding of founded suspicion in this case. In Bugarin, we concluded that founded suspicion existed to stop a station wagon traveling on a highway notorious for smuggling activities. Id. at 854-56. The station wagon was equipped with a special rear compartment frequently used to hide illegal aliens and the car was "riding low" in the rear. Id. at 854.
 
 
 8
 Bugarin, however, is factually distinguishable from this case. The agent in Bugarin described the car as "riding low" in the rear. Id. In contrast, Border Patrol Agent Delatorre testified that Gonzalez' car had a "slight bounce" as it traversed a dip in the road. The fact that a car is "riding low" in the rear may indicate that the trunk may contain a substantial amount of contraband. An older car which merely bounces slightly when driven over a dip in the road does not support a similar inference. In fact, Border Patrol Agent Delatorre testified that the car's response to the dip in the road was consistent with defective shock absorbers.
 
 
 9
 Gonzalez' demeanor while being followed by the border patrol agents does not demonstrate founded suspicion. In Hernandez-Alvarado, 891 F.2d at 1419, we held that the fact that a car's occupants stare straight ahead without engaging in conversation does not support a founded suspicion of illegal activity.
 
 
 10
 The fact that Gonzalez appeared to be watching the marked border patrol vehicle in his rear view mirror and decreased his speed does not justify an investigative stop. Minimal deviations from normal driving in reaction to a marked patrol car do not demonstrate founded suspicion of criminal activity. See United States v. Robert L., 874 F.2d 701, 704 (9th Cir.1989) (leaving the scene of traffic accident more quickly than other traffic and swerving into another lane was a reasonable response when a marked patrol car in the lane behind the defendant approached at high speed). An innocent driver would exhibit the same concern and might well deviate slightly from a straight course if followed at one and one-half car lengths more than a mile at speeds of 45 to 65 miles per hour.
 
 
 11
 We have conducted an independent review of the facts presented at the suppression hearing. We hold that the totality of the circumstances do not establish founded suspicion.
 
 
 12
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), 9th Cir.Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3